Think Products, Inc. v. ACCO Brands Corporation The board correctly determined that all challenge claims are unpatentable, based on two different grounds for each claim. The first issue raised by Think Products, claim construction... The 102 doesn't reach all the claims, but the 103 reaches all the claims, is that right? 102 is for most claims in the CLICSafe prior art. There is one claim of each patent that's a 103 based on CLICSafe in combination with McDade, but Think Products doesn't dispute that combination. What they dispute is that Think Products is prior art. I guess, does McDade-Chen, that combination, cover all of the claims? Yes, McDade-Chen covers all the claims. So those are alternative grounds that the board considered, and those are completely separate from the claim construction issues and from the priority benefit issues. So each claim was canceled for two separate reasons. So it's a little bit unclear to me if Think Products is still challenging claim construction at the hearing now. I know they've talked about construction of other terms that were never, their construction was never disputed before the board, but construction of the Sherman Collective Security Rod, that was waived two times before the board, and they raised a new construction on appeal. The other two issues that are raised, priority benefit and motivation to combine, obviousness, those are both factual issues, and the board's findings on both of those issues were supported by substantial evidence. Now, if the board, if the court does consider the merits of claim construction on appeal, despite the waiver, it should determine that the board correctly construed that term, and that was the only term whose construction was in dispute. There was no dispute about construction of a where-in clause or any other language of the claims. There were some other terms that we proposed for construction in our petition, and those constructions were undisputed. The only dispute of construction was the term captive security rod. The board's construction of that term properly gives weight to claim language that states that the anchoring end of the captive security rod is passed through the housing to anchor the captive security rod thereto, or reciting a step of securely installing the anchoring end of the security rod or spike to the portable electronic device in the housing. And based on the claim language itself, the construction should be upheld by the court. The second issue is priority benefit. It relates to claim construction in the sense that Think Products relied on an alleged error in claim construction to dispute the board's decision. However, the decision is really separate in that the board found that there was no support in the priority documents for the claimed invention, and therefore the click-safe video comes in as prior art. There are other terms in the claims construction was in dispute, such as the captive security rod has a locking end and an anchoring end, and other terms that the board found were not satisfied by the feral embodiment. And the parties agreed that if the board's decision on priority benefit is upheld, then all of the challenge claims are unpatentable over click-safe. On the priority benefit issue, the board correctly determined that figures 28C and D do not depict a captive security rod, as recited in the claims, with the other limitations of the claim, not relying on just those words themselves. The feral embodiment is not within the scope of the claims. Feral embodiment discloses a feral that's passed through the housing of a portable electronic device and locked to a lock, which is behind the housing. The feral does not include a locking end and an anchoring end, as the claims require. I think product counsel stated that it does include both ends, but it does not have those two ends. Instead, the feral includes one end that's inserted in a lock and another end that's attached to a cable. And it has no end anchored in the housing as required by the claims. Because the board correctly decided the priority benefit issue, the board also correctly determined that the challenge claims are unpatentable over the click-safe video. Are these patents expired? No, they're not. Patents are not expired, and Think Products has a continuation patent that's issued, and there's continuation. So as Think Products counsel indicated, the issues decided in this case may affect other related patents as well. I have to go back to 05. 95, actually. Maybe I'm wrong. I don't recall in the earliest. Sorry about that. They haven't expired yet. So there's a continuation case going on right now where the McDade-Chen combination is being applied. Is that right? I believe that's what's being applied. There's a continuation that the claims have been rejected. There's also a supplemental examination, re-examination case that has claims that are under rejection. And there's also another issue patent that's a continuation that's out there. So those cases potentially could be affected, or what happens in this case may affect Think Products' interest in pursuing those for further infringement action. So other cases may be affected. Turning to the obviousness based on the combination of McDade and Chen, for those references the parties agree that they're both prior art and that they disclose all the limitations of the claims. Think Products disputes only the finding that there was a motivation to combine the references. But the board correctly found that a person of ordinary skill would have a reason to substitute the automatic lock mechanism of Chen for the key operated mechanism in McDade's locking assembly. Think Products argues that there's a teaching away from the combination because McDade supposedly teaches that there cannot be any rotation between the lock head and the anchor or captive security rod. Now McDade does mention rotation, but the board correctly found that McDade discloses two embodiments, only one of which prevents rotation. McDade expressly refers to one configuration that has rounded mating surfaces between the lock head and the captive security rod that's shown in figure two, and that configuration permits rotation. McDade also refers to what it refers to as the other configuration that's shown in figures one, four, and eight, and it has a peaks and valleys mating configuration, which McDade expressly states and implied that that one prevents rotation. The board therefore correctly found that McDade does not prohibit rotation in all embodiments and there's no teaching away. The board also correctly found that Chen contains an express motivation to combine its disclosure with that of McDade. It expressly suggests substituting an axial lock arrangement for a radial lock and says that that would be an improvement, and before the board that was a distinction that Think Products argued that it would be incompatible, but Chen teaches the opposite. And for these reasons, the board correctly determined that the challenge claims are unpatentable over McDade and Chen. On appeal, Think Products argues that McDade may prevent rotation, permit rotation in a pre-locking step, but after locking prevents rotation in all embodiments. It's an interesting argument, but McDade says nothing about that. Mr. Mahaffey's testimony that Think Products Council referred to does not make any such distinction. Mr. Mahaffey completely ignored the fact that McDade expressly discloses two embodiments or configuration, only one of which prohibits rotation. So that is a new argument on appeal and there's no support for it. Another issue on the McDade combination is that Think Products has not addressed the issue that we raised before the board that McDade discloses two embodiments, one of which prevents rotation. If a person of ordinary skill were concerned about rotation, they could simply use that Peaks and Valleys embodiment and prevent rotation. There's no reason why that would be incompatible with Chen's locking mechanism and Think Products Council has not addressed that issue at all. I also want to briefly address the claim construction issues. I'm not sure if your discussions with Council for Think Products related to claim construction or priority benefit. They discussed these other terms and argued which ones were given weight. None of those terms were addressed before the board. They just talked about captive security rod, but the other claim language must be given weight and the claims all expressly recite a number of limitations, not just the term captive security rod. They all say that the captive security rod has a locking end and an anchoring end. So even if you were to agree with Think Products' argument on claim construction, there's other language in the claims that further refine the captive security rod and identify its other features. All the claims say that the anchoring end is anchored to the housing. It doesn't say it's passed through the housing. Some of the claims may say it's passed through the housing, but it's anchored to the housing and then the locking end is received in the locking device. None of the embodiments of the specification describe all those features. The ferrule embodiment has a locking end that's inserted in the lock, but it doesn't have an anchoring end that's anchored in the housing. There's other embodiments that were referred to below that may have the opposite, that has an anchoring end in the housing, but it doesn't have a locking end that's inserted in the lock. And for those reasons, the board properly determined that there was no support in the priority documents. And finally, I wanted to mention, Judge Chen, you asked about the wear-in clause. That issue was simply not raised before the board. I don't think that term needs to be construed. I think the words of that term just need to be given their ordinary meaning and applied, and the board did that. Neither party requested the board to construe those other terms. I don't think that was necessary. However, if the court determines that further explanation is needed for the meaning of the other terms of the claim, I don't think they would affect the board's correct decision on priority benefits. Anything further, Mr. Weiner? No. If the court has any other questions, I'd be happy to respond. But otherwise, I can waive my remaining time. No one ever loses points by not using up all their time. All right. Thank you, Your Honor. Mr. Schindler has a little time for rebuttal. Okay. Thank you, Your Honor. A couple of points. First of all, the functionality argument was raised below before the board. It was raised, of course, during oral argument in briefs. It was referred to as being raised prior in other papers. Furthermore, the claim construction that ACOBrands think prior to claim construction is characterized by ACOBrands, on page 14 of its brief, talks about a structural limitation and then goes into saying so that, and then goes on to talk about the function of the captive security rod. On page 14, they actually say that, let's see, without reading the whole thing, it talks about the proper construction of a captive security rod that includes the spike or ferrule, and then it goes on to say so that, upon insertion through a hole, the locking mechanism. So it does have a functional recitation, and even ACOBrands agrees that there's a functional component to what a captive security rod is. I'd also like to say. The McDade-Chen combination you were saying in your brief that it has an impact in other cases. Yes, it does. It has. We have a re-examination that's pending in which that same issue has been raised. And so we also have one continuation pending. It has not been raised in the continuation. It has been raised in the re-exam, and we advised the court, in fact, on November 15th that that decision can affect the re-examination. I'd also like to point out in my remaining time, there must be another question about that. The PTEP agreed that if, in fact, there was no rotation in any of the embodiments of McDade upon activation of the lock, that the two references, McDade and Chen, did teach away. The mistake that the board made, and for which the substantial evidence. What page did the board say that at? Let's see. The board said, first of all, on page 28 of the 758 decision, they characterized the issue to be decided as to whether or not there's rotation of the locking head relative to the anchor. If you look, I think. But where did it say? If McDade doesn't teach the embodiment where it rotates, then, therefore, they teach away from each other. Where did it say that? The board rejected our argument. Following that, I think it was towards the very end, where it talked about that the lack of. What page? I don't know. I don't care. Pages. It looks like page 30, 29, 30, and 31. The whole thing? Page 31 of the decision, where it says, we have determined, however, as discussed above, that McDade teaches two configurations, only one of which prevents rotation of a locking head, and that is established that the prior arts disclosure of simply something that's less preferred, as opposed to something that cannot be done, does not teach away. So if rotation was less preferred, we all agree that it would not teach away. But the board, at least by that statement of page 31 of the 758 decision, at least inferred that if there is no disclosure, if there's no rotation after locking, that it would teach away. Otherwise, an entire argument would seem to be unnecessary. The board could simply have said, it doesn't matter. So the board ruled against the thing five below because they ruled that the smooth embodiment of figure two was less preferred, but being less preferred does not teach away. At least implicitly. Thank you, Mr. Schindler. I thank you. Time has expired. You're welcome, Your Honor. Thank you. We'll take the case under advisement. Thank you.